IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**KENNETH L. DICKINSON and**
**PAUL H. HOLMES**                                                                          **PLAINTIFFS**

**v.**                                                                    **CIVIL ACTION NO. 2:10-CV-276-KS-MTP**

**LEAF RIVER CELLULOSE, LLC**                                                               **DEFENDANT**

### ORDER TO SHOW CAUSE

The Court orders the parties to show cause as to why this case should not be remanded to the Chancery Court of Perry County, Mississippi, for lack of subject matter jurisdiction.

"There should be little need for a reminder that federal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). This Court has removal jurisdiction in any case where it has original jurisdiction. 28 U.S.C. § 1441(a). It has "original jurisdiction of all civil matters where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . [c]itizens of different States . . . ." 28 U.S.C. § 1332(a). Of course, the Court has "the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss [or remand] any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985). Furthermore, "because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (punctuation omitted).

Defendant removed this matter on November 23, 2010, asserting that this Court had diversity

jurisdiction of the case. It is undisputed that the parties are completely diverse, but the Court questions whether the amount in controversy exceeds the sum or value of $75,000.00. The parties have not presented any evidence as to the value of the easement sought by Plaintiffs. Accordingly, the Court orders the parties to each file a brief on this issue, with whatever supporting evidence they deem necessary to demonstrate the easement's value.

The parties shall file their briefs within two weeks from the entry of this order – **on or before October 31, 2011.** If either side wishes to file a brief in response, they shall do so within seven days of the filing of the brief to which they are responding. The Court does not anticipate that rebuttal briefs will be necessary, and the Court will not consider any extensions of time related to this briefing schedule.

SO ORDERED AND ADJUDGED this 17th day of October, 2011.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE